NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD JACKSON, | No. 17-55819 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-02522-JGB-SP |
| v. | |
| BANK OF AMERICA, a Corporation, erroneously sued as Bank of America NA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Edward Jackson appeals pro se from the district court's judgment dismissing

his action alleging violations of the Equal Credit Opportunity Act ("ECOA") and

Federal Credit Reporting Act ("FCRA"). We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6), *Hebbe v.*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Jackson's action because Jackson failed to allege facts sufficient to state any plausible claim and because Jackson's claims are time-barred. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also* 15 U.S.C. § 1961e(f) (statute of limitations for claims under the ECOA); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009) (setting forth disclosure requirements under the FCRA).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Jackson's contention that the district court dismissed his action because of a mere typographical error or failed to hold him to a less stringent standard as a pro se litigant.

**AFFIRMED.**

17-55819